IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**DAVID BURGESS, individually and as trustee in liquidation of Burgess Engineering, PLLC,**

  *Plaintiff,*

 v.

**THE OHMEGA GROUP, INC.,**

Serve: Mark A. Morley, *Registered Agent*
   1756 Silver Street
   Jacksonville, Florida 32206

  *Defendant.*

Civil Action No. 3:21cv00531

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW COMES the Plaintiff, David Burgess, individually ("Burgess") and as trustee in liquidation of Burgess Engineering, PLLC ("Burgess Engineering"), by counsel for his Complaint against Defendant, The Ohmega Group, Inc. formerly known as The Ohmega Group, LLC (the "Company"), and states as follows:

### The Parties, Jurisdiction, and Venue

1. Burgess is an individual resident of Chesterfield, Virginia.

2. The Company is a Florida stock corporation a principal office address of 1756 Silver Street, Jacksonville, Florida 32206.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Burgess is an individual and resident of the Commonwealth of Virginia and The Ohmega Group, Inc. is a Florida corporation with its principal place of business in Florida and because the amount in controversy is greater than $75,000.00.

4.      This Court has personal jurisdiction over all parties pursuant to Virginia Code § 8.01-328.1 because The Ohmega Group, Inc. has had continuous and systematic activities in Virginia and has purposefully availed itself of the privilege of conducting activities in Virginia, including acquiring assets of a Virginia Company (Burgess Engineering, PLLC), hiring employees in Virginia–including Burgess, paying employees in Virginia, maintaining an office located in Virginia, and performing work in Virginia. The Ohmega Group, Inc. also delivered Schedule K-1s to Burgess in Virginia, and this dispute primarily centers around Burgess' ownership in the Ohmega Group, Inc.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in Virginia.

6.      This Court has jurisdiction to hear this matter and grant the requested declaratory relief pursuant to 28 U.S.C. § 2201(a).

7.      This dispute is based on the Defendant Company's denial of Burgess' ownership interest in the Company after acquiring the assets of Burgess' engineering firm, entering a Shareholder Agreement, and issuing Schedule K-1s for two tax years.

8.      There is a justiciable controversy as to whether Burgess owns 750 shares of the Company pursuant to 28 U.S.C. § 2201(a) because Burgess has asserted rights as a shareholder of The Ohmega Group, Inc., as explained herein, and The Ohmega Group, Inc. has claimed that Burgess is not a shareholder.

## Statement of Facts

**The Relationship between Burgess Engineering and the Company**

9.      The Company is an engineering consulting firm that performs services throughout the United States.

10. Burgess Engineering, PLLC was an engineering consulting firm that, prior to its termination, was wholly owned by Burgess, who is an engineer.

11. While operating Burgess Engineering, Burgess met Mark Morley ("Morley"), who was the sole owner and president of the Company, at various trade shows and the Company even hired Burgess Engineering to perform certain work on behalf of the Company.

12. When the Company hired Burgess Engineering, the Company would request that Burgess Engineering performed certain services on its behalf. Burgess Engineering would then issue invoices for such projects. The Company would then remit payment for such invoices.

**The Spartanburg Project**

13. Around May 2017, the Company subcontracted Burgess Engineering to perform work for the Spartanburg Downtown Memorial Airport ("Spartanburg Project").

14. Burgess Engineering performed the scope of work under the Spartanburg Project between May 2017 through March 2018.

15. Burgess Engineering issued a total of three invoices to the Company for the Spartanburg Project throughout the period of performance. The first two invoices were paid in full by the Company.

16. On March 31, 2018, Burgess Engineering sent the Company the final, third invoice in the amount of $5,018.00 for the Spartanburg Project ("Invoice #1"). Invoice #1 was due to be paid no later than April 30, 2018. A copy of Invoice #1 is attached hereto as **Exhibit A**.

17. Invoice #1 remained unpaid for many months and was accruing interest at 6.00% per annum pursuant to Virginia Code § 6.2-301(c).

**The North Carolina Conference**

18. In or around December 2017, the Company paid for and registered to attend the North Carolina Aviation Association Conference set to take place from March 26-28, 2018.

19. On March 5, 2018, the Company requested Burgess attend the conference as a representative of the Company. Burgess agreed.

20. Given that Burgess would be required to travel from Virginia to North Carolina to attend the conference, Burgess Engineering could not perform work for any other matters for three days while traveling to and from and attending the conference.

21. Though Burgess Engineering and the Company did not specifically set forth the compensation to be paid to Burgess Engineering for attending the conference, the course of conduct between the parties established that Burgess Engineering would be paid its hourly rate.

22. On March 31, 2018, Burgess Engineering sent an invoice to the Company which included his hourly rate for the travel time, attending the conference, and the mileage costs for 708 miles of travel at the milage rate established by the Internal Revenue Service, $0.54 per mile. A copy of the invoice is attached hereto as **Exhibit B** ("Invoice #2").

23. Invoice #2 remained unpaid for many months and was accruing interest at 6.00% per annum.

24. Eventually, on November 10, 2020, Burgess, acting as trustee in liquidation of Burgess Engineering, by counsel, sent the Company a demand letter requesting payment of Invoice #1 and Invoice #2.

25. Eventually, on May 12, 2021, the Company delivered payment for the principal amount owed on Invoice #1 but failed and refused to pay the accrued interest for Invoice #1.

26. To date, the Company has failed and refused to pay Invoice #2.

**Burgess Obtains Equity in the Company**

27. Over the course of the parties' relationship, Burgess and Morley discussed the opportunity for Burgess Engineering to sell its assets to the Company in exchange for Burgess becoming a full-time employee of the Company as Senior Vice President and receiving an ownership interest in the Company.

28. Pursuant to these negotiations, the parties obtained a valuation of Burgess Engineering in or around January 2018 so the parties could determine the amount of ownership interest in the Company that Burgess should receive.

29. Shortly before April 1, 2018, Burgess and the Company agreed that Burgess would receive 7.5% membership interest in the Company. In addition, Burgess would receive an annual salary in exchange for serving as Senior Vice President, the Company would pay $5,583.61 to acquire certain assets of Burgess Engineering, and novation agreements would be executed for the Company to take over certain projects that Burgess Engineering obtained.

30. Morley advised Burgess that the Company's attorney would prepare documents to memorialize Burgess's equity interest in the Company, however, that it would be delayed because the Company was going to be converting from a limited liability company to a stock corporation.

31. On or about April 1, 2018, Burgess began as a full-time employee of the Company as the Company's Senior Vice President.

32. On or about April 1, 2018, Burgess owned a 7.5% membership interest in the Company.

33. On or about October 22, 2018, the Company was converted from a limited liability company to a stock corporation under the laws of the State of Florida.

34. On or about December 17, 2018, Morley sent Burgess an email containing "documents regarding your ownership interest in Ohmega."

35. The email included, among other documents attached, a Shareholders Agreement. The Shareholders Agreement stated that that Burgess owed 750 shares of the outstanding 10,000 shares in the Company. A copy of the Shareholders Agreement, with its schedule, is attached here to as **Exhibit C**.

36. The Company issued Schedule K-1s to Burgess for tax years 2018 and 2019.

**The Relationship Between the Parties Breaks Down**

37. Between October 7, 2019 and October 28, 2019, the Company stopped making bi-weekly salary payments to Burgess.

38. Accordingly, on October 28, 2019, Burgess submitted his resignation as an employee and Senior Vice President of the Company to be effective on November 1, 2019.

39. Burgess has never transferred, sold, assigned, or redeemed his 750 shares in the Company.

40. On November 10, 2020, Burgess, by counsel, sent a Books and Records Demand to the Company pursuant to Florida Business Corporation Act § 607.1602. A copy of the Books and Records Demand is attached hereto as **Exhibit D**.

41. On November 25, 2020, the Company, by counsel, responded by letter rejecting Burgess' Books and Records demand and asserted that Burgess was not a shareholder of the Company. A copy of the response is attached hereto as **Exhibit E**.

42. The parties, by counsel, exchanged correspondence regarding Burgess' status as a shareholder of the Company. In spite of the Shareholder Agreement and 2018-2019 Schedule K-

1s evidencing Burgess' shareholder status, the Company has continued to deny that Burgess owns any equity in the Company.

43. The Company's actions are in direct contravention of Burgess' property rights as a shareholder of the Company and therefore constitute a willful and malicious disregard of the same.

## COUNT I – Breach of Contract
## Invoice #1

44. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

45. The Company and Burgess Engineering entered into a valid contractual relationship for Burgess Engineering to perform services on behalf of the Company in connection with the Spartanburg Project and for the Company to pay Burgess Engineering for those services, which were reflected in the invoices.

46. Between approximately June 2017 and March 2018, Burgess Engineering performed the services in connection with the Spartanburg Project, which totaled $5,018.00.

47. Burgess Engineering issued Invoice #1 in the amount of $5,018.00 to the Company. The Company was obligated to pay this amount no later than April 30, 2018.

48. The Company breached its obligation by failing to pay principal amount owed on Invoice #1 by April 30, 2018.

49. As a direct and proximate result of the breach, Burgess Engineering has been harmed in the amount of $964.28, pursuant to Virginia Code § 6.2-301(c).

WHEREFORE, Plaintiff, David Burgess, requests that this Court enter judgment in favor of Mr. Burgess against The Ohmega Group, Inc. in the amount of $964.28, plus additional interest accruing from the date of filing this action, and grant such other relief as this Court deems proper and just.

## COUNT II – **Breach of Contract**
## Invoice #2

50. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

51. The Company and Burgess Engineering entered into a valid contractual relationship for Burgess Engineering to attend the North Carolina conference on behalf of the Company.

52. From March 25 through March 28, 2018, Burgess Engineering attended the North Carolina conference on behalf of the Company.

53. Burgess Engineering issued Invoice #2 to the Company in the total amount of $4,870.32 for its time, expenses, and services attending the North Carolina Conference on the Company's behalf.

54. The Company was obligated to pay this amount not later than April 30, 2018.

55. To date, the Company has failed and refused to pay Invoice #2.

56. As a direct and proximate result of the breach, Burgess Engineering has been harmed in the principal amount of $4,870.32 plus interest of 6% per annum accruing from June 1, 2018, pursuant to Virginia Code § 6.2-301(c).

WHEREFORE, Plaintiff, David Burgess, requests that this Court enter judgment in favor of Mr. Burgess against The Ohmega Group, Inc. in the amount of $4,870.32, plus interest accruing at a rate of 6.00% per annum since June 1, 2018, and grant such other relief as this Court deems proper and just.

## COUNT III – *Quantum Meruit*
## Invoice #2

57. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

58. In the alternative to Count II, if there was not a valid contractual relationship for Burgess Engineering to be paid on Invoice #2, the Company has been unjustly enriched in the

principal amount of $4,870.32 for the value of services provided by Burgess Engineering to the Company.

59. The Company knew, or should have known, that Burgess Engineering conferred a benefit to the Company by way of attending the North Carolina Aviation Association Conference on the Company's behalf.

60. The Company accepted and retained the benefits of those services without paying the value of such services, rendering it inequitable for the Company to retain such benefits.

61. Accordingly, the Company has been unjustly enriched at Burgess Engineering's expense in the amount of $4,870.32.

WHEREFORE, Plaintiff, David Burgess, requests that this Court enter judgment in favor of Mr. Burgess against The Ohmega Group, Inc. in the amount of $4,870.32, plus interest accruing at a rate of 6.00% per annum since June 1, 2018, and grant such other relief as this Court deems proper and just.

### COUNT IV – Declaratory Relief

62. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

63. Burgess is the owner of 750 shares of the Company.

64. Burgess has never sold, transferred, or redeemed any of his shares in the Company.

65. The Shareholders Agreement, signed by the Company, states that Burgess is the owner of 750 shares in the Company.

66. After Burgess resigned from his employment with the Company, the Company denied Burgess' shareholder status in the Company.

67. The Company has continued to deny Burgess' rights and status as a shareholder of the Company.

68. Burgess therefore seeks declaratory relief that he currently owns 750 shares of the Company.

WHEREFORE, Plaintiff, David Burgess, requests that this Court enter judgment in favor of Mr. Burgess declaring that he is the owner of 750 shares of The Ohmega Group, Inc. and grant such other relief as this Court deems proper and just.

### Count V – Breach of Contract (Shareholders Agreement)

69. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

70. The Shareholder Agreement constitutes a valid and binding contract enforceable against the Company.

71. Pursuant to Section 3 of the Shareholder Agreement, the Company is required to delivery mandatory distributions in an "amount not less than the combined federal and state tax rate on income of the Corporation reported to the shareholder for such calendar year calculated at the highest marginal rate attributed to any individual shareholder."

72. Profits were reported for the shareholders for 2018 and upon information and belief profits were reported for 2020.

73. Burgess was a shareholder in 2018 and 2020.

74. The Company has failed to deliver the mandatory distributions to Burgess for 2018 and 2020.

75. As a result of the Company's breach of the Shareholder Agreement, Burgess has been harmed in the amount of mandatory distributions owed to him.

WHEREFORE, Plaintiff, David Burgess, requests that this Court enter judgment in favor of Mr. Burgess against The Ohmega Group, Inc. in the amount equal to the mandatory tax

distributions for tax years 2018 and 2020, plus interest, and grant such other relief as this Court deems proper and just.

### COUNT VI – Conversion

76. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

77. Burgess is the owner of 750 shares of the Company.

78. On or about June 21, 2021, the Company exercised wrongful dominion or control over Burgess' 750 shares of the Company by causing the improperly amended the 2018 and 2019 K-1s of the Company to reflect that Morley was the sole owner of the Company.

79. Such actions constitute willful and malicious wrongful exercise of dominion and control over Burgess' property thereby depriving Burgess of it.

80. As a direct and proximate result, Burgess has been harmed in the amount of 750 shares of the Company, or the value thereof.

WHEREFORE, Plaintiff, David Burgess, requests that this Court enter judgment order the specific performance for the delivery of 750 shares in the Company, or $300,000 for the value thereof or as proven at trial, punitive damages in the amount of $350,000, and grant such other relief as this Court deems proper and just.

**DAVID BURGESS**

By: ___/s/ Samuel K. Walsh_____
      Of Counsel

Julia A. Rust, Esq. (VSB No.: 87270)
Samuel K. Walsh, Esq. (VSB No.: 92591)
PIERCE MCCOY, PLLC
101 West Main Street, Suite 101
Norfolk, Virginia 23510
Telephone: (757) 216-0226
Facsimile: (757) 257-0387
julia@piercemccoy.com
sam@piercemccoy.com
*Counsel for David Burgess*